E-filing

FILED

JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADRIANNE DESANTIS,

        Plaintiffs,

vs.

CITY OF SANTA ROSA, a municipal corporation; EDWIN FLINT, in his capacity as Chief of Police for the CITY OF SANTA ROSA; PATRICIA MANN, individually, and in her capacity as an officer for the CITY OF SANTA ROSA; RICH CELLI, individually and in his capacity as an officer for the CITY OF SANTA ROSA; TRAVIS MENKE, individually and in his capacity as an officer; and DOES 1-25, inclusive, individually and in their capacities as officers for the CITY OF SANTA ROSA,

        Defendants.
_____/

Case No. C07-04474

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**

**JURY TRIAL DEMANDED**

JURISDICTION

1.    This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the CITY OF SANTA ROSA, California, which is within this judicial district.

COMPLAINT FOR DAMAGES

PARTIES

2. Plaintiff ADRIANNE DESANTIS is a competent adult, a resident of the County of Napa, California, and is the mother of decedent Richard DeSantis ("decedent").

3. Defendant CITY OF SANTA ROSA ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. The CITY operates under its authority the Santa Rosa Police Department.

4. At all times mentioned herein, Defendant EDWIN FLINT ("FLINT") was employed by defendant CITY as Chief of Police for the CITY. He is being sued in his official capacity as Chief of Police for the CITY.

5. At all times mentioned herein, defendant officer RICH CELLI ("CELLI") was employed by defendant CITY as an officer. He is being sued individually and in his capacity as an officer for the CITY.

6. At all times mentioned herein, defendant officer PATRICIA MANN ("MANN") was employed by defendant CITY as an officer. She is being sued individually and in her capacity as an officer for the CITY.

7. At all times mentioned herein, defendant officer TRAVIS MENKE ("MENKE") was employed by defendant CITY as an officer. He is being sued individually and in his capacity as an officer for the CITY.

8. At all times mentioned herein, defendant officers DOES 1-25, inclusive, were employed by defendant CITY as officer. They are being sued individually and in their capacities as officers for the CITY.

9. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend her complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

10. In engaging in the conduct described herein, Defendant officers acted under the color of law and in the course and scope of their employment with the CITY. In engaging in the conduct

COMPLAINT FOR DAMAGES                                                                 2

described herein, Defendant officers exceeded the authority vested in them as peace officers under the United States and California Constitutions and as officers employed by Defendant CITY.

## STATEMENT OF FACTS

11.  On the evening of April 9, 2007, Defendant Santa Rosa Police Officers PATRICIA MANN, RICH CELLI, and TRAVIS MENKE, shot and killed decedent Richard DeSantis, the 30 year old son of Plaintiff ADRIANNE DESANTIS. Mr. DeSantis was unarmed at the time he was shot, and his wife, Patricia DeSantis, who was present, had told the Defendant Officers that he was unarmed. Mr. DeSantis presented no lethal threat at the time he was shot, and all information available to the Defendant Officers confirmed that Mr. DeSantis was unarmed before the Defendants shot and killed him.

12.  Patricia DeSantis called emergency 911 dispatch on April 9, 2007, and reported that decedent had discharged a firearm into the ceiling of their residence because he believed there were people in the attic. Mrs. DeSantis also told dispatch that her husband was bipolar and had gone off his medication.

13.  Mrs. DeSantis stayed on the telephone with emergency 911 dispatch. While she was on the line with dispatch, she retrieved the firearm possessed by her husband. She told dispatch that she had secured the firearm from decedent. Decedent was no longer armed, and Mrs. DeSantis made the emergency dispatch aware that decedent was no longer armed. Mrs. DeSantis and decedent were in front of their residence when Defendant Officers arrived at the scene. Mrs. DeSantis, who held the couple's infant child in her arms, was standing with decedent. She told the Defendant Officers, in a clear and loud voice, that this was a mental health emergency and that her husband was unarmed. She also physically showed that decedent was unarmed.

14.  Defendant Officers disregarded Mrs. DeSantis and assumed a confrontational approach in dealing with a decedent. The officers commanded decedent to lie on the ground. Decedent initially complied with the command, but then stood up. Meanwhile, Mrs. DeSantis continued to tell the officers at the scene that her husband was unarmed and that this was a medical emergency. The officers disregarded Mrs. DeSantis. The deputies held their firearms, including a

rifle carried by Defendant Officer CELLI, and handguns held by Defendant Officers MANN and MENKE, pointed at decedent.

15. Eventually, decedent stood up and one officers, Sgt. Jerry Soares, fired a "less lethal" projectile at decedent. Defendant Officers CELLI, MANN and MENKE then discharged their firearms, shooting and killing decedent. As Mrs. DeSantis had told the officers, decedent was unarmed when he was shot by the Defendant Officers.

16. The killing of decedent Richard DeSantis described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

## DAMAGES

17. Plaintiff was physically, mentally, emotionally and financially injured and damaged as a proximate result of her son's wrongful death, including, but not limited to, the loss of decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

18. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to recover all attorney's fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

## FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant Officers MANN, CELLI, MENKE and DOES 1-10)

19. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 18 of this Complaint.

20. In doing the acts complained of herein, Defendants MANN, CELLI, MENKE and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from the deprivation of the familial relationship between Plaintiff and Decedent, as guaranteed by the Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, FLINT, and DOES 11-25)

21.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 20 of this Complaint.

22.     Plaintiff is informed and believes and thereon alleges that high ranking CITY OF SANTA ROSA officials, including high ranking police supervisors such as Defendant FLINT, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by defendant Officers MANN, CELLI, MENKE and DOES 1-10, and/or each of them.

23.     Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants FLINT, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

24.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants MANN, CELLI, MENKE and DOES 1-10, and/or each of them, Defendant FLINT, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

25.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF SANTA ROSA officials, including high ranking CITY OF SANTA ROSA Police Department supervisors, Defendants FLINT, DOES 11-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a.  The right to be free from the deprivation of the familial relationship between Plaintiff and Decedent, as guaranteed by the Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY OF SANTA ROSA)

26.  Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 25 of this Complaint.

27.  As against Defendant CITY, Defendant FLINT and/or DOES 11-25 in his/their capacity as official policy-maker(s) for the CITY OF SANTA ROSA, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF SANTA ROSA Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

28.  Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, FLINT, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant FLINT, DOES 11-25, and each of them.

29.  The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant FLINT, DOES 11-25, and/or each of them.

COMPLAINT FOR DAMAGES                                                                 6

30. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant CITY's Police Department.

31. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant FLINT, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants MANN, CELLI, MENKE, DOES 1-10, and/or each of them.

32. The aforementioned customs, policies or practices of Defendant CITY, Defendant FLINT, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a. The right to be free from the deprivation of the familial relationship between Plaintiffs and Decedent, as guaranteed by the Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

33. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum of $10,000,000.00;

COMPLAINT FOR DAMAGES   7

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5. For cost of suit herein incurred;

6. For injunctive relief;

7. For such other and further relief as the Court deems just and proper.

Dated: August 15, 2007

**The Law Offices of John L. Burris**

/s/ *[signature]*
John L. Burris
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES                                                                 8