JOHN BURRIS, Esq./State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA  94621
Telephone: (510) 839-5200
Facsimile:  (510)  839-3882

Attorneys for Plaintiff

Brien J. Farrell, SBN 088318
Caroline L. Fowler, SBN 110313
CITY OF SANTA ROSA
100 Santa Rosa Avenue, Room 8
Santa Rosa, CA 95404
Telephone: (707) 543-3040
Facsimile:  (707) 543-3055

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNE DESANTIS,<br><br>　　　　Plaintiff,<br>v.<br><br>CITY OF SANTA ROSA, a municipal corporation, EDWIN FLINT, in his capacity as Chief of Police for the CITY OF SANTA ROSA; PATRICIA MANN, individually and in her capacity as an officer for the CITY OF SANTA ROSA; RICH CELLI, individually and in his capacity as an officer for the CITY OF SANTA ROSA; TRAVIS MENKE, individually and in his capacity as an officer for the CITY OF SANTA ROSA and DOES 1 through 25, inclusive, individually and in their capacities as officers for the CITY OF SANTA ROSA,<br><br>　　　　Defendants. | Case No.:  C 07-04474 JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date**:　January 11, 2008<br>**Time**:　1:30 p.m.<br>**Place**:　Courtroom 2, 17th Fl. |

## JURISDICTION

1.　This action arises under Title 42 of the United States Code § 1983.  Jurisdiction is conferred pursuant to Title 28 of the United States Code §§1331 and 1343.  All parties have been

- 1 -

served. Jurisdiction and venue are not in dispute.

## FACTS

2. On the night of April 8, 2007, Richard DeSantis told his wife, Patricia DeSantis, that he heard noises in the attic. Sometime thereafter Richard DeSantis fired shots into the ceiling. His wife called 911 for assistance. She reported that her husband had fired shots into the ceiling, that he was bi-polar and that she needed help.

Soon thereafter six police officers arrived. Richard DeSantis and his wife, holding their two year old daughter Dani, came out of the house onto the front porch in view of the police officers. The officers ordered Richard DeSantis to approach them.

Richard DeSantis approached the officers. He was then ordered to lie on the ground. Richard DeSantis eventually got on the ground but did not stay down. He rose and charged at the officers. At that point Sgt. Jerry Soares fired a non-lethal projectile breaking DeSantis' arm. Sgt. Rich Celli and Officers Travis Menke and Patricia Mann fired their weapons, including a rifle. Two of the shots struck Richard DeSantis' upper torso causing his death.

Plaintiff Adrienne DeSantis is the mother of Richard DeSantis.

## LEGAL ISSUES

The primary legal issues in dispute relate to whether the officers used excessive force (*Graham v. Connor*, 490 U.S. 386 (1989)); whether the officers are entitled to qualified immunity (*Saucier v. Katz*, 121 S.Ct. 2151 (2001)). There is also an issue as to whether the City has any independent liability under the holding of *Monell v New York City Dept. of Soc. Serv.,* 436 U.S. 658; 56 L.Ed.2d 611; 98 S.Ct. 2018 (1978).

## MOTIONS

3. Defendants anticipate that they will file a motion for summary judgment on the issue of qualified immunity.

## AMENDMENT OF PLEADINGS

4. It is not anticipated at this time that there will be any amendment of the pleadings.

//

//

1 **EVIDENCE PRESERVATION**

2   5.   Both plaintiffs and defendants have taken steps to preserve evidence relevant to
3 the issues reasonably evident in this action.

4 **DISCLOSURES**

5   6.   The parties will be making initial disclosures under Rule 26 on or before January
6 4, 2008.

7 **DISCOVERY**

8   7.   No discovery has been taken to date.  Plaintiffs are informed that the Sonoma
9 County District Attorney is still reviewing this case and this could potentially impact future
10 discovery when the investigative report prepared by the Sheriff 's department and the District
11 Attorney are made public.

12   8.   Depositions of Sergeant Soares, Sergeant Celli, Officer Menke and Officer Mann
13 have been taken in the related case identified below.  Defendants have taken the deposition of
14 Patricia DeSantis, the widow of the decedent in the related case.  Defendants further intend to
15 seek records relating to the psychological history of Richard DeSantis. The parties do not believe
16 there is a need for limitations or modifications of the discovery rules at this time.

17   The parties anticipate that there will be significant additional discovery once the
18 investigative report has been made public and after the parties have participated in the joint ENE
19 session with the related case.

20 **CLASS ACTIONS**

21   9.   Not applicable.

22 **RELATED CASES**

23   10.   The wife of the decedent, Patricia DeSantis, has brought a case on behalf of herself
24 and her minor child.  That case is set for a CMC at the same time as this case. (*DeSantis v. City of*
25 *Santa Rosa*, Case No: C 07-3386 JSW .  The parties are not aware of any other related cases.

26 **RELIEF**

27   11.   The plaintiff is seeking general damages for the loss of her familial relationship
28 with her son, punitive damages and attorneys fees.   Defendants contend that plaintiff is not

1  entitled to recover any damages.

## SETTLEMENT AND ADR

12. The parties have stipulated to engage in Early Neutral Evaluation in conjunction with the related case identified above. The ENE session is schedule for January 7, 2008

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

13. The parties will not consent to a magistrate judge for further proceedings except for purposes of a settlement conference at some later date.

## OTHER REFERENCES

14. This case is not suitable for reference to binding arbitration, a Special Master or Judicial Panel.

## NARROWING OF ISSUES

15. Defendants anticipate filing a motion for summary judgment after completing some initial discovery on the issues of qualified immunity and the Monell claim against the City which will either resolve the case or narrow the issues.

## EXPEDITED SCHEDULE

16. This is not the type of case that can be handled on an expedited basis.

## SCHEDULING

17. The parties request a trial date for early January 2009 with a hearing date of dispositive motions in September or October 2008. The parties also propose November 2008 for discovery cut-off except for expert witnesses. For designation of expert witnesses in November 2008 with expert witness discovery cutoff thirty (30) days after the disclosure date.

## TRIAL

18. The case will be tried to a jury. The parties anticipate the trial to last 8 – 10 days.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

19. None.

## MISCELLANEOUS

20. The parties believe that the pending investigation of the shooting by the Sheriff's department and the District Attorney will impact discovery since it may disclose additional

witnesses or information that the parties will need to investigate.  The parties are not aware of any other matters at this time which may facilitate the just, speedy and inexpensive disposition of this case.

DATED:  December 28, 2007                    LAW OFFICES OF JOHN L. BURRIS


                                             By:    /s/
                                                    BEN NISENBAUM
                                                    Attorney for Plaintiff

DATED:  December 28, 2007                    CITY OF SANTA ROSA


                                             By:    /s/
                                                    CAROLINE L. FOWLER
                                                    Attorney for Defendants

JOINT CASE MANAGEMENT CONFERENCE STATEMENT